IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VOICES FOR INDEPENDENCE, (VFI), ) <br> on behalf of themselves and all others ) <br> similarly situated ) <br>       Plaintiffs, ) <br>  v. ) <br>     ) <br> COMMONWEALTH OF PENNSYLVANIA ) <br> DEPARTMENT OF TRANSPORTATION; ) <br> ALLEN D. BIEHLER, P.E., in his official ) <br> capacity as Secretary of Transportation of ) <br> the Commonwealth of Pennsylvania, CITY OF ) <br> ERIE, PENNSYLVANIA and CITY OF ) <br> MEADVILLE, PENNSYLVANIA ) <br>       Defendants. ) | Civil action No.: 1:06cv00078 <br><br> HON: SEAN J. McLAUGHLIN <br><br> MAG. JUDGE BAXTER |

**FIFTH SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND DEFENDANT COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF TRANSPORTATION**

**I. BACKGROUND**

On March 28, 2006, Plaintiffs filed a class action complaint against the Commonwealth of Pennsylvania Department of Transportation ("PennDOT") alleging violations of Title II of the Americans with Disabilities Act, and of the Rehabilitation Act of 1973, arising from PennDOT's failure to comply with these laws, and their implementing regulations, when PennDOT installed curb ramps along PennDOT highways located in the Cities of Erie and Meadville, Pennsylvania.

The Court previously has approved and has expressly retained jurisdiction over the parties to interpret and to enforce the terms of four Settlement Agreements between Plaintiffs and PennDOT. See (Doc. # 23), entered December 22, 2006; (Doc. # 33), entered April 19, 2007; (Doc. # 51), entered March 4, 2009; and (Doc. # 56), entered January 30, 2012.

During the last year, the parties have litigated and/or negotiated pursuant to the Fourth Settlement Agreement (Doc. # 56). On January 29, 2013, the Court ruled on some of these matters. See Minute Entry, January 29, 2013. The parties have agreed to the terms of an additional Settlement Order, the Court has considered these, and the Court now finds as follows:

## II. AGREEMENT

**A. Earlier Settlement Agreements Remain in Effect.** The requirements of the Parties' earlier Settlement Agreement Orders (Docs. # 23, 33, 51 and 56) remain in full force and effect, except to the extent expressly set forth below.

**B. Specific Locations and Curb Ramps to Be Installed.**

1). **PennDOT's Listing of ramps to be installed.** The Parties attach hereto the "PennDOT Curb Ramp Inventory for the City of Erie," see Attachment A, and the "PennDOT Curb Ramp Inventory for the City of Meadville," see Attachment B. These Inventories were prepared by PennDOT to provide the information required by the Fourth Settlement Agreement (Doc. # 56), at Section II(C)(1), respecting curb ramps that had been omitted by PennDOT during previous repaving work. These listings identify the location and the number of curb ramps that PennDOT has agreed to install. Accordingly, PennDOT shall install each curb ramp that is listed on each inventory in accordance with the provisions contained in the prior settlement agreements between the Parties.

2). **Deadline.** PennDOT shall ensure that each listed curb ramp shall be installed no later than the end of year 2013 (December 31, 2013). However, PennDOT has advised Plaintiffs and Plaintiffs are aware that the PennDOT Curb Ramp Inventory for the City of Meadville includes the SR 0027 (North Street) A02 Project in the City of Meadville (found at Attachment B, at Lines 6 to 12). This is a major road reconstruction project which is currently under contract and scheduled for

two (2) years, beginning in 2013 and ending in 2014. Consequently, approximately thirty (30) curb ramps in this project are scheduled for construction in 2014.

C. **Replacement of Certain Curb Ramps Built From Year 2009 Through 2012.** Previously, PENNDOT constructed non-compliant curb ramps in the City of Meadville and the City of Erie with portions of cross slopes exceeding two (2) percent. These curb ramps, which are identified below, will be replaced in accordance with the provisions contained in the prior settlement agreements, they are as follows:

In the City of Meadville, the following non-compliant curb ramp locations will be removed and replaced:

- SR 2034 (Spring Street) and Lord Street, Curb Ramps servicing SR 2034 at the northwest, northeast, southeast and southwest corners (four State Curb Ramps).

- SR 0027 (State Street) and Grove Street, Curb Ramps servicing SR 0027 at the northwest and northeast corners (two State Curb Ramps).

- SR 0886 (North Main Street) and the Lords Gate (Alleghany College Crossing), Curb Ramps servicing SR 0886 at referenced crossing Left and Right of Centerline (two State Curb Ramps)

In the City of Erie, the following non-compliant curb ramp locations will be removed and replaced:

- SR 4016 (38th Street) and Ellsworth Street, Curb Ramp servicing Ellsworth Street (Local Ramp) at the northeast corner (one Local Curb Ramp).

- SR 4017 (Pittsburgh Avenue) and 32nd Street, Curb Ramps servicing SR 4017 at the northwest and southeast corners (two State Curb Ramps).

D.  **Technically Infeasible Forms submitted by PennDOT in 2012.**  PennDOT has withdrawn all TIF requests submitted in 2012. Going forward, in the event that PennDOT believes that a TIF is necessary for any curb ramp listed in Attachment A and in Attachment B, PennDOT will submit a new TIF request in accordance with the TIF provisions set forth in the prior settlement agreements between the Parties.

E.  **Progress Report.**  No later than August 15, 2013, PennDOT shall provide to Plaintiffs' Counsel via email a written progress report identifying PennDOT's best estimates of the progress of curb ramp construction for the curb ramps identified in Attachments A and B.

F.  **"Traffic Warrant" Intersections.**  At several intersections inside the Cities of Erie and Meadville, PennDOT has proposed to leave curbs in place at certain corners.  These intersections in the City of Erie are listed on Attachment A at Lines 1, 3, 4, 5, 6, 8, 10, 11, 17, 20, 93, 143, 153, 158, 164, 170, 171, 173, 174; and in the City of Meadville on Attachment B at Line 1. PennDOT asserts that this is necessary due to existing "traffic warrants" for the affected intersections but Plaintiffs disagree. At these intersections, and solely in consideration for this particular Settlement Order, Plaintiffs agree that PennDOT may proceed as set forth on the relevant lines on Attachments A and B.

G.  **Continuing Discussions.**  The Parties have met to discuss various issues and concerns that have arisen in the course of this litigation, including but not limited to the following items:

1. **Pedestrian Access Route (PAR) Intersections:** These intersections and corners in the City of Erie are set forth on Attachment A, at Lines 14, 15, 16, 18, 19, 23, 25, 59, 104, 105, 106, 107, 110, 111, 112, 113, 126, 127, 163, 166, 167, 168, 169, 171, 172, 173, 174;

   These intersections and corners in the City of Meadville are set forth on Attachment B, at Lines 33, 45, 51, 62.

2. **"Next Paving Cycle" Intersections:** At three intersections inside the City of Erie—State Route 97 (Old French Rd.) at its intersections with Cypress St., E. 33rd St. and E. 31st St. PennDOT is proposing to take until the next paving cycle to install these curb ramps. These intersections and corners are set forth on Attachment A, at Lines 96, 100, 102;

3. **Two "Proximity" Intersections:** At two intersections inside Erie, PennDOT asserts that their proximity to another intersection rules out installation of some curb ramps. Plaintiffs disagree. These intersections are Peach Street (SR 19) at Walker Street East and 38th Street (SR 4016) at Wayne Street. These intersections and corners are set forth on Attachment A, at Lines 43, 139;

4. **Running Slopes Exceeding Five Percent (5%):** The parties will continue to meet and address issues related to PennDOT construction of sidewalk segments with a running slope that exceeds 5%.

The Parties shall continue to meet as necessary to address and resolve these and any other conflicts or disagreements that may arise. If, after meeting in good faith, the parties are unable to resolve their conflicts of disagreements, any party may file a motion with the Court concerning such issue(s).

**H. Attorneys Fees.** The parties have met and have agreed upon the amount to be paid to Plaintiffs' attorneys. This amount shall be paid *within sixty days* of the date this agreement is filed. The parties agree that this payment satisfies any and all claims for fees and costs in this lawsuit up to and through April 5, 2013 [date on Invoices]. By paying this amount, no party waives any claims or objections to claims for fees and costs that plaintiffs may seek for future actions in this lawsuit.

**I. Prior Settlement Agreements not Affected.** Except to the extent expressly set forth herein, this settlement agreement shall not affect nor alter any of the obligations, duties and/or requirements arising under or created by the settlement agreements or consent decrees which previously have been entered in this case. To the contrary, to the extent the terms and conditions of those prior settlement agreements are applicable, they are hereby incorporated by reference.

5.

**J. Retention of Jurisdiction.** The parties expressly agree, and the Court expressly finds that the Court shall retain jurisdiction concerning the interpretation of and compliance with this Settlement Agreement.

Read and Approved on this 18th day of April, 2013, by:

Scott A. Bradley, Esquire
Office of the Attorney General
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, Pennsylvania 15219
(412) 565-3586
Attorneys for Commonwealth of Pennsylvania,
Department of Transportation

**Read and Approved on this 18th day of April, 2013, by:**

                      ELDERKIN LAW FIRM

                      /s/ Craig A. Markham
                      Craig A. Markham, Esquire
                      150 East Eighth Street
                      Erie, Pennsylvania  16501
                      (814) 456-4000


                      HEBERLE & FINNEGAN, PLLC


                      /s/ J. Mark Finnegan
                      J. Mark Finnegan, Esquire
                      2580 Craig Road
                      Ann Arbor, MI  48103
                      (734) 302-3233
                      Attorneys for Plaintiffs